IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 14, 2025 Session

## TRACY D. BOYD, JR. v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
No. C-23-180        Joseph T. Howell, Judge
_____

### No. W2023-01669-CCA-R3-PC
_____

Tracy D. Boyd, Jr., Petitioner, pleaded guilty to three counts of impersonating a licensed professional, one count of theft of property, and one count of forgery. Petitioner subsequently filed a petition for post-conviction relief, alleging that the indictments against him were defective, that he had received the ineffective assistance of counsel, that his guilty plea was entered under duress, and prosecutorial misconduct. The post-conviction court summarily dismissed each of Petitioner's allegations. Petitioner now timely appeals. After review, we remand this case to the post-conviction court for entry of a written order that sufficiently addresses all grounds presented by Petitioner, and which states the court's findings of fact and conclusions of law regarding each ground as required by Tennessee Code Annotated section 40-30-111(b).

**Tenn. R. App. P. 3 Appeal as of Right; Remanded to Circuit Court**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which J. ROSS DYER, and JOHN W. CAMPBELL, SR., JJ., joined.

Mitchell A. Raines, Assistant Public Defender—Appellate Division (on appeal); Jeremy Epperson, District Public Defender, and Tyler Graham, Assistant District Public Defender (at hearing), for the appellant, Tracy D. Boyd, Jr.

Jonathan Skrmetti, Attorney General and Reporter; John H. Bledsoe, Deputy Attorney General; Brooke A. Huppenthal, Assistant Attorney General; Mark E. Davidson, District Attorney General; and Stephanie N. Draughon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner pleaded guilty to three counts of impersonating a licensed professional, one count of theft of property, and one count of forgery. He subsequently filed a petition for post-conviction relief, alleging that the indictments against him were defective, that he had received the ineffective assistance of counsel, that his guilty plea was entered under duress, and prosecutorial misconduct. In a written order, the post-conviction court summarily dismissed each of Petitioner's allegations and denied the petition.

As a preliminary matter, both Petitioner and the State agree that the post-conviction court's written order dismissing Petitioner's petition for post-conviction relief is legally insufficient. The entirety of the post-conviction court's order is set forth below:

ORDER

THIS cause came to be heard on the 13th day of November 2023, upon [Petitioner's] Petition for Post-Conviction Relief filed on July 6, 2023, the State of Tennessee's Response to Tracy D. Boyd, Jr.'s Pro Se Petition for Post-Conviction Relief, and the 29th Judicial [District Attorney General], Acting Pro Tem, Supplement to State of Tennessee's Response to Tracy D. Boyd, Jr.'s Pro Se Petition for Post-Conviction Relief, the written transcript of the Petitioner's guilty plea from November 14, 2022, testimony of the Petitioner, testimony of Kyle Parks, statements of the Pro Se Petitioner, and statements of counsel for the State, and the Court finds as follows:

The indictment in this case was not defective.

The Petitioner did not prove by clear and convincing evidence that he received ineffective assistance of counsel from his attorney, Kyle Parks.

The Petitioner did not prove by clear and convincing evidence that he pled guilty under duress or coercion. The Court finds that there was no ambiguity on behalf of the Petitioner when answering the Court's questions regarding his plea.

The Petitioner did not prove by clear and convincing evidence that there was any misconduct or abuse of power by the State.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED THAT: [Petitioner's] Petition for Post-Conviction Relief is denied.

- 2 -

The order entered by the post-conviction court, along with the sparse appellate record in this case, prevents this court from conducting any meaningful review of the denial of Petitioner's petition. Tennessee Code Annotated section 40-30-111(b) requires:

> Upon the final disposition of every petition, the court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented, and shall state the findings of fact and conclusions of law with regard to each ground.

*See also* Tenn. R. Sup. Ct. 28 § (9)(A) (stating that orders granting or denying post-conviction petitions to "contain specific findings of fact and conclusions of law relating to each issue presented"). Recently, in *Tate v. State*, 679 S.W.3d 631 (Tenn. 2023), our supreme court noted the requirement that the post-conviction court's findings of fact and conclusions of law were in the written order and underscored that "[t]he post-conviction court's duty under the statute is mandatory." *Tate*, 679 S.W.3d at 632. After the supreme court's remand in *Tate*, this court reiterated the mandatory nature of the post-conviction court's statutory duty and concluded that any of this court's contrary precedent was abrogated. *Tate v. State*, No. M2022-01358-CCA-R3-PC, 2024 WL 3549187, at *6 (Tenn. Crim. App. July 26, 2024).

We agree with the parties that the post-conviction court's order denying the petition is inadequate and that issue must be resolved before this court can review the merits of Petitioner's appeal. While the post-conviction's written order does contain some findings of facts and conclusions of law, the statute requires the court do so "with regard to each ground." Tenn. Code Ann. § 40-30-111(b).

As to Petitioner's request that he be afforded a new evidentiary hearing, the post-conviction court conducted a hearing where it considered proof on all of Petitioner's claims. While our supreme court did allow the post-conviction court in *Tate* to conduct a new evidentiary hearing if it determined one was necessary, the judge in that case had retired and the case was reassigned to another judge after the case was remanded. *Tate*, 679 S.W.3d at 632. Nothing in *Tate* required the post-conviction court to conduct a new hearing. *Id.* Here, the trial judge who conducted the evidentiary hearing remains in office and will consider this case upon remand. As such, we deny Petitioner's request that the case should also be remanded for a new evidentiary hearing.

For the reasons set forth herein, the case is hereby remanded to the post-conviction court for entry of an order on Petitioner's Petition for Post-Conviction Relief that complies with Code section 40-30-111(b). We will not consider Petitioner's remaining claims, and

these claims may be addressed through further briefing with this court after the post-conviction court submits a written order that complies with the statute.


_____s/ Matthew J. Wilson_
MATTHEW J. WILSON, JUDGE